IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. CHRISTOPHER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FIRST MUTUAL CORP.** and | : | |
| **RICHARD KELLY** | : | **NO. 05-0115** |
| | | |
| **JOHN J. CHRISTOPHER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FIRST MUTUAL CORP.** and | : | |
| **RICHARD KELLY** | : | **NO. 05-1149** |

<u>**MEMORANDUM AND ORDER**</u>

**NORMA L. SHAPIRO, S.J.**                                                     **OCTOBER 9, 2007**

This action arises from a series of home equity loans to plaintiff John J. Christopher ("Christopher") secured by mortgages on Christopher's residence. Defendants First Mutual Corp. ("First Mutual"), a consumer lender, and Richard Kelly ("Kelly"), a mortgage broker, arguing some of Christopher's claims are barred by statutes of limitations, move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with respect to those claims.

**I.      FACTS AND PROCEDURAL HISTORY**

Christopher owns a row house at 1819 Gillingham Street in Philadelphia, Pennsylvania. In September 1995, Christopher took out a home equity loan through East Coast Mortgage to finance home improvements ("1995 Loan"). The principal balance of the 1995 Loan was $11,800.00.

On November 7, 1997, after receiving a telemarketing call from defendant Kelly,

1

Christopher refinanced the 1995 Loan through defendant First Mutual ("1997 Loan"). The mortgage covered the home equity loan and also refinanced Christopher's first mortgage. The principal balance of the 1997 Loan was $22,000.00. On November 30, 1998, after another call from Kelly, Christopher refinanced the 1997 Loan through First Mutual ("1998 Loan"). The principal balance of the 1998 Loan was $31,000.00. The existing mortgage of $21,645.00 was paid off.

Christopher again refinanced through Kelly and First Mutual on January 31, 2000 ("2000 Loan"). The principal balance of the 2000 Loan was $38,250.00. First Mutual subsequently assigned its interest in the 2000 Loan to Wachovia Home Equity Bank, N.A ("Wachovia").

On November 29, 2004, Christopher filed a complaint in the Court of Common Pleas of Philadelphia County against defendants First Mutual Corp. and Kelly. The complaint asserts seven claims arising from the 1997 Loan and the 1998 Loan. Christopher asserts: (1) violations of the Homeownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1939(a), by First Mutual; (2) violation of the Pennsylvania Usury Statute, 41 Pa. Cons. Stat. Ann. §§ 501 et seq., and the Pennsylvania Home Improvement Finance Act ("HIFA"), 73 Pa. Cons. Stat. Ann. §§ 500-101 et seq., by First Mutual; (3) violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(1), by First Mutual; (4) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1 et seq., by both defendants; (5) breach of fiduciary duty under Pennsylvania law by Kelly; (6) fraud under Pennsylvania law by both defendants; and (7) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2602 et seq., by both defendants. Defendants removed the action arising from the 1997 Loan and 1998 Loan to this court, where it was filed as Civ. A. No. 05-0115.

On January 28, 2005, Christopher filed another complaint in the Court of Common Pleas of Philadelphia County against defendants First Mutual Corp. and Kelly.[1] The complaint asserts claims arising from the 2000 Loan. Christopher asserts: (1) violations of HOEPA by First Mutual; (2) violation of the Pennsylvania Usury Statute and HIFA by First Mutual; (3) violations of ECOA by First Mutual; (4) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law by both defendants; (5) breach of fiduciary duty under Pennsylvania law by Kelly; and (6) violation of RESPA by both defendants. Defendants removed the action arising from the 2000 Loan to this court, where it was filed as Civ. A. No. 05-1149.

On April 28, 2006, Wachovia brought a mortgage foreclosure action against Christopher in the Court of Common Pleas for Philadelphia County. On August 2, 2006, Wachovia filed a praecipe to discontinue the action. On September 1, 2006, Wachovia brought another mortgage foreclosure action against Christopher in the Court of Common Pleas for Philadelphia County based on Christopher's failure to make payments on the 2000 Loan. On May 30, 2007, Christopher and Wachovia stipulated to extend the discovery deadline in the Court of Common Pleas action until 100 days after Christopher's federal court action arising from the 2000 Loan is resolved.[2]

This court consolidated Civ. A. No. 05-0115 and Civ. A. No. 05-1149. The consolidated action was referred to the Honorable L. Felipe Restrepo, United States Magistrate Judge for the

---

[1]The complaint also asserted claims against defendant Associates Financial Services Company, Inc., but the claims have been settled.

[2]At a hearing before this court on September 6, 2007, counsel for Christopher averred Wachovia had withdrawn its foreclosure action. The state court docket does not reflect that Wachovia has withdrawn its more recent foreclosure action against Christopher, so the court will assume the foreclosure action is still pending.

3

Eastern District of Pennsylvania, for resolution of discovery issues and settlement discussions. The action was transferred to this judge on July 9, 2007.

Before the court are defendants' two motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In the first motion, defendants argue Christopher's claims arising from the 1997 Loan and 1998 Loan, brought under HOEPA, the Pennsylvania Usury Statute, ECOA, Pennsylvania breach of fiduciary duty law, Pennsylvania fraud law, and RESPA, are barred by the applicable statutes of limitations. In the second motion, defendants argue Christopher's claims arising from the 2000 Loan, brought under HOEPA, the Pennsylvania Usury Statute, ECOA, Pennsylvania breach of fiduciary duty law, and RESPA, also are barred by the applicable statutes of limitations. Defendants do not move for judgment on the pleadings with respect to Christopher's claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Christopher contests both of defendants' motions for judgment on the pleadings, but agreed before Magistrate Judge Restrepo to withdraw any arguments based on equitable tolling of the statutes of limitations.

This court heard oral argument on defendants' motions. At oral argument, counsel for Christopher agreed that Christopher's claims arising from the 1997 Loan are barred by the statutes of limitations. Defendants' motion for judgment on the pleadings with respect to the 1997 Loan will be granted. The court now considers whether Christopher's claims arising from the 1998 Loan and the 2000 Loan are barred.

II.   **STANDARD OF REVIEW**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is

reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994); Craigs, Inc. v. Gen. Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376 (E.D. Pa. 1995). Judgment will be granted only if it is clearly established that no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. See Inst. for Scientific Info., Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991). All well-plead factual allegations in the complaint must be accepted as true, Sheppard, 18 F.3d at 150, and all inferences must be drawn in the light most favorable to the non-moving party. See Janney Montgomery Scott v. Shepard Niles, 11 F.3d 399, 406 (3d Cir. 1993). But bald assertions, unwarranted inferences, or legal conclusions need not be accepted. See Maio v. Atena, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998).

**III.   DISCUSSION**

The applicable statute of limitations generally begins to run when the cause of action accrues. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). In certain circumstances, federal courts may apply the doctrine of equitable tolling[3] to "stop[] the

---

[3]The doctrine of equitable tolling allows a court "to extend a statute of limitations on a case by case basis to prevent inequity." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Wise v. Mortgage Lenders Network USA, Inc., 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006).

statute of limitations from running when the date on which the claim accrued has already passed." Lake, 232 F.3d at 370. As stated in Magistrate Judge Restrepo's order of March 28, 2007, Christopher has agreed no equitable tolling argument will be made to rebut defendants' statute of limitations defense.[4] Equitable tolling will not be considered with respect to defendants' motions for judgment on the pleadings.

### A. HOEPA

Christopher seeks relief pursuant to the Truth in Lending Act ("TILA"), as amended by HOEPA, 15 U.S.C. §§ 1601 et seq. Specifically, Christopher seeks rescission pursuant to 15 U.S.C. § 1635 and damages pursuant to 15 U.S.C. § 1640. Under TILA/HOEPA, "an obligor's right of rescission shall expire three years after the date of consummation of the transaction," 15 U.S.C. § 1635(f), while an action for damages must be commenced within "one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e).

Christopher's HOEPA claim arising from the 1998 Loan was filed after the expiration of the applicable periods. Because the 1998 Loan was consummated in November 1998, Christopher had to file his claims for rescission by November 2001 and his claims for damages

---

Equitable tolling is appropriate: (1) where defendant actively misleads plaintiff with respect to his cause of action; (2) where plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where plaintiff asserts his claims in a timely manner but has done so in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

[4]The March 28, 2007, order states, in relevant part:

It is ORDERED, by agreement of counsel for the Plaintiff, that no "equitable tolling argument" will be made to rebut any contention by the Defense that the current litigation was commenced beyond the relevant statute(s) of limitations and that any such arguments advanced to date are hereby withdrawn.

by November 1999.  Christopher commenced his claims regarding the 1998 Loan on November 29, 2004, well after the rights to rescind and obtain damages had expired.

Christopher's HOEPA claim arising from the 2000 Loan is also untimely.  The 2000 Loan was consummated on January 31, 2000, so Christopher had to file his HOEPA claim for rescission by January 31, 2003, and his claim for damages by January 31, 2001.  Christopher commenced his claims regarding the 2000 Loan on January 28, 2005, after the rights to rescind and obtain damages had expired.

Christopher argues he is entitled to an exception to the one-year bar for damages claims because his HOEPA claims are timely filed as a matter of defense by recoupment or setoff to Wachovia's mortgage foreclosure action.  Under 15 U.S.C. § 1640(e), the one-year period for damages claims does not bar a person from asserting a TILA/HOEPA violation "in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or setoff in such action, except as otherwise provided by State law."  Id.  A defendant may assert a claim by way of recoupment "if the claim arises from the same contractual transaction as the plaintiff's claim and essentially functions as a defense to that claim."  In re Roberson, 262 B.R. 312, 322 (Bkrtcy. E.D. Pa. 2001).  "A setoff is a counterdemand which the defendant holds against a plaintiff, arising out of a transaction extrinsic to the plaintiff's cause of action."  Household Consumer Discount Co. v. Vespaziani, 490 Pa. 209, 415 A.2d 689, 694 n.8 (1980) (punctuation omitted).

With respect to both the 1998 Loan and the 2000 Loan, Christopher is not entitled to recoupment or setoff because it would contradict the plain language of section 1640(e).  The exception to the one-year bar applies only to TILA/HOEPA claims asserted by a defendant as "a

matter of defense by recoupment or setoff" in "an action to collect the debt." 15 U.S.C. § 1640(e). The complaint does not allege that either First Mutual or Kelly has filed an action against Christopher to collect Christopher's debt. Cf. In re Roberson, 262 B.R. at 322 (dismissing plaintiff's TILA claim for statutory damages against defendant Cityscape where plaintiff "has not alleged that Cityscape has asserted any claim against her").

Christopher's counsel claimed at oral argument that Christopher is entitled to recoupment on the amount due Wachovia on the 2000 Loan because Wachovia was an agent of First Mutual. Christopher's TILA/HOEPA claim is an affirmative action against First Mutual and Kelly for damages, not a defensive action as required by section 1640(e). Wachovia filed its original foreclosure action in the Court of Common Pleas in September 2006, more than one year after Christopher initiated the present action arising from the 2000 Loan in state court, and almost two years after Christopher initiated the action arising from the 1998 Loan. Christopher may not circumvent the one-year limitation by asserting his right to recoupment or setoff before any mortgage foreclosure action existed.

Christopher further argues he may bring an affirmative, original action for recoupment or setoff in federal court because under 15 U.S.C. § 1640(h), a consumer in default on his loan obligation can assert a violation of TILA/HOEPA "as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under this title." 15 U.S.C. § 1640(h). While section 1640(h) allows a consumer in default of his obligation to assert a violation of TILA/HOEPA as an original action, it does not provide an exception to the one-year limitation on TILA/HOEPA claims.

Defendants' motion for judgment on the pleadings will be granted with respect to

Christopher's HOEPA claims.

    **B.**    **Usury**

Christopher seeks relief pursuant to the Pennsylvania Usury Statute, 41 Pa. Cons. Stat. Ann. §§ 501 et seq., which provides a recovery action must be filed within four years of the usurious payment, id. § 502.[5]

The 1998 Loan was refinanced on January 31, 2000, approximately four years and ten months prior to the commencement of this action on November 29, 2004. Because Christopher made no interest payment on the 1998 Loan within four years of the commencement of this action, Christopher's Usury Statute claim arising from the 1998 Loan is untimely.

The 2000 Loan was consummated on January 31, 2000, and Christopher asserted his cause of action on January 28, 2005. Defendants concede Christopher may be entitled to recoupment of interest paid after January 28, 2001, but argue Christopher has not paid any interest after that date. Paragraph 42 of Christopher's first amended complaint, filed under Civ. A. No. 05-1149, alleges:

---

[5]Section 502 of the Usury Statute provides:

> A person who has paid a rate of interest for the loan or use of money at a rate in excess of that provided for by this act or otherwise by law or has paid charges prohibited or in excess of those allowed by this act or otherwise by law may recover triple the amount of such excess interest or charges in a suit at law against the person who has collected such excess interest or charges: Provided, That no action to recover such excess shall be sustained in any court of this Commonwealth unless the same shall have been commenced within four years from and after the time of such payment. Recovery of triple the amount of such excess interest or charges, but not the actual amount of such excess interest or charges, shall be limited to a four-year period of the contract.

41 Pa. Cons. Stat. Ann. § 502.

> The interest cost to plaintiff to finance the 1997 loan cash advances, lending fees and tax and utility payments, together with the 1998 loan cash advances, lending fees and utility payments, and the 2000 $3,225.10 cash advance, $3,743.83 lending fees and the $459.23 tax and utility payments during to date of the 2000 loan is $13,798.86.

The facts alleged are viewed in the light most favorable to Christopher; the complaint has asserted interest payments after January 28, 2001. Defendants' motion for judgment on Christopher's Usury Statute claim will be denied with respect to interest paid on or after January 28, 2001.

Christopher attempts to avoid the four-year statute of limitations under the Pennsylvania Usury Statute by arguing that the 1998 Loan and 2000 Loan were not "direct loan[s]" but rather "home improvement installment contract[s]" within the scope of HIFA, 73 Pa. Cons. Stat. Ann. §§ 500-101 et seq. HIFA claims are subject to a six-year limitations period under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201-9.2. "The key components of a HIFA contract are that it involves home improvements and that these improvements are to be financed by the contractor, as opposed to by a direct loan obtained independently by the consumer." In re Brown, 134 B.R. 134, 141 (Bankr. E.D. Pa. 1991). Under the so-called "direct loan exception," HIFA does not apply if "the loan is contracted for or obtained directly by the retail buyer from the lending institution, person or corporation." 73 Pa. Cons. Stat. Ann. § 500-102(10)(v).

Christopher fails to allege facts qualifying the 1998 Loan or the 2000 Loan as a "home improvement installment contract" under HIFA. The facts alleged in Christopher's complaints do not suggest either the 1998 Loan or the 2000 Loan was obtained by a contractor rather than obtained directly from the lender by Christopher. HIFA does not apply to Christopher's claims.

Defendants' motion for judgment with respect to Christopher's Usury Statute claims arising from the 1998 Loan will be granted. Defendants' motion for judgment with respect to the Usury Statute claims arising from the 2000 Loan will be granted in part with respect to Christopher's claim for interest paid before January 28, 2001, and denied in part with respect to Christopher's claim for interest paid on or after January 28, 2001.

### C. ECOA

Christopher seeks relief for defendants' alleged violations of ECOA, 15 U.S.C. § 1691(d)(1). Any action for damages under ECOA must be filed within two years of the occurrence of the violation, except in limited circumstances not present here. 15 U.S.C. § 1691e(f).

Under the applicable statute, Christopher was required to file his ECOA claim arising from the 1998 Loan by November 29, 2000. Christopher did not file his ECOA claim until November 29, 2004 and therefore the claim is untimely.

Christopher was required to file his ECOA claim arising from the 2000 Loan by January 31, 2002. He did not file his ECOA claim until January 28, 2005. The claim is untimely.

Christopher again advances the argument that a claim alleging a consumer credit violation is not time-barred where it is brought as a defense to a collection action. Christopher's argument is not persuasive because he did not file this action as a defense to a collection action. Defendants' motion for judgment on the pleadings with respect to Christopher's ECOA claims will be granted.

### D. Breach of Fiduciary Duty

In Count V of his complaint, Christopher asserts a claim for breach of fiduciary duty under Pennsylvania law against defendant Kelly. Pennsylvania law provides that breach of

11

fiduciary duty claims must be brought within two years of the date the claim accrues. 42 Pa. Cons. Stat. Ann. § 5524(7);[6] Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005). "Generally, the statute of limitations begins to run on a breach of fiduciary duty claim when the trustee openly and unequivocally violates his duties." Weis-Buy, 411 F.3d at 422 (citations omitted).

With respect to the 1998 Loan, Christopher alleges defendant Kelly breached his fiduciary duty on November 30, 1998. Under the applicable statute, Christopher was required to file his breach of fiduciary duty claim related to the 1998 Loan by November 29, 2000. Christopher's claim was not filed until November 29, 2004 and therefore is untimely. In his response brief, Christopher does not contest that the breach of fiduciary duty claim is untimely.

With respect to the 2000 Loan, Christopher alleges Kelly breached his fiduciary duty on January 31, 2000. Christopher was required to file his breach of fiduciary duty claim related to the 2000 Loan by January 30, 2002. He did not file his claim until January 28, 2005. Christopher does not contest that the breach of fiduciary duty claim arising from the 2000 Loan is untimely.

Defendants' motion for judgment with respect to Christopher's breach of fiduciary duty

---

[6]Section 5524 provides:

> The following actions and proceedings must be commenced within two years:
> . . . .
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa. Cons. Stat. Ann. § 5524.

12

claims will be granted.

### E. Fraud

Christopher asserts a Pennsylvania fraud claim against defendant Kelly with respect to the 1998 Loan. The applicable statute of limitations for a fraud claim under 42 Pa. Cons. Stat. Ann. § 5524(7), is two years from the date the claim accrues.

Christopher's fraud claim accrued on November 30, 1998. Under the applicable statute, Christopher was required to file his fraud claim related to the 1998 Loan by November 29, 2000. Christopher's claim was not filed until November 29, 2004 and therefore is untimely. In his response brief, Christopher does not contest that the fraud claim is untimely. Defendants' motion for judgment with respect to Christopher's fraud claim will be granted.

### F. RESPA

Christopher asserts claims for damages pursuant to section 2607 of RESPA, which prohibits kickbacks and unearned fees in connection with federally related mortgage loans. 12 U.S.C. § 2607. The limitations period for filing an action under RESPA is one year. 12 U.S.C. § 2614.[7]

---

[7]Section 2614 provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614.

13

The 1998 Loan – the "federally related mortgage loan" at issue – was refinanced on January 31, 2000. Filed on November 29, 2004, Christopher's RESPA claim falls well outside the one-year limitations periods applicable to § 2607 claims. Again, in his response brief, Christopher does not contest that his RESPA claim arising from the 1998 Loan is untimely.

The 2000 Loan was consummated on January 31, 2000; Christopher filed his RESPA claim arising from the 2000 Loan on January 28, 2005. Christopher's claim arising from the 2000 Loan also falls outside of the one-year statute of limitations. Christopher does not contest that his RESPA claim arising from the 2000 Loan is untimely.

Defendants' motion for judgment with respect to Christopher's RESPA claims will be granted.

G. **Timeliness of Motion for Judgment on the Pleadings**

Christopher argues defendants' first motion for judgment on the pleadings should be denied because it was filed in violation of Federal Rule of Civil Procedure 12(c). Under Fed. R. Civ. P. 12(c): "After the pleadings are closed but *within such time as not to delay the trial*, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). Christopher argues that at a Rule 26(f) conference, the parties agreed on a timeline stating Civ. A. No. 05-0115 should be ready for trial on September 30, 2005.

Christopher essentially argues all Rule 12(c) motions are untimely, as dispositive motions take time to decide and thus delay trial. Defendants' first motion for judgment on the pleadings was filed on September 28, 2006, almost one year after the trial date contemplated by the Rule 26(f) conference; clearly, the Rule 26(f) conference no longer governs this action. The motions have not delayed trial before this newly assigned judge.

IV. **CONCLUSION**

Defendants' first motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), originally filed under Civ. A. No. 05-0115, will be granted with respect to HOEPA (Count I), Pennsylvania Usury Statute (Count II), ECOA (Count III), breach of fiduciary duty (Count V), fraud (Count VI), and RESPA (Count VII) claims arising from the 1997 Loan and the 1998 Loan. Defendants' second motion for judgment on the pleadings, originally filed under Civ. A. No. 05-1149, will be granted with respect to HOEPA (Count I), ECOA (Count III), breach of fiduciary duty (Count V), and RESPA (Count VI) claims arising from the 2000 Loan. The motion for judgment on Christopher's Pennsylvania Usury Statute claim (Count II), arising from the 2000 Loan, and originally filed under Civ. A. No. 05-1149, will be granted in part with respect to interest paid before January 28, 2001, and denied in part with respect to interest paid on or after January 28, 2001. Christopher's Pennsylvania Unfair Trade Practices and Consumer Protection Law claims arising from the 1998 Loan (Count IV, Civ. A. No. 05-0115) and 2000 Loan (Count IV, Civ. A. No. 05-1149), and his Pennsylvania Usury Statute claim arising from the 2000 Loan (Count II, Civ. A. No. 05-1149), for interest paid on or after January 28, 2001, remain in this action.

The court's decision on all other outstanding motions will be filed in a separate opinion. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. CHRISTOPHER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FIRST MUTUAL CORP. and** | : | |
| **RICHARD KELLY** | : | **NO. 05-0115** |
| | | |
| **JOHN J. CHRISTOPHER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FIRST MUTUAL CORP. and** | : | |
| **RICHARD KELLY** | : | **NO. 05-1149** |

## ORDER

      **AND NOW**, this 9th day of October, 2007, upon consideration of defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), plaintiff's response, defendants' reply and defendants' supplemental reply thereto, following a hearing on September 12, 2007, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

      1.    Defendants' motion is **GRANTED** with respect to Counts I, II, III, V, VI and VII of plaintiff's complaint filed under Civ. A. No. 05-0115.

      2.    Defendants' motion for judgment on the pleadings is **GRANTED** with respect to Counts I, III, V, and VI of plaintiff's complaint originally filed under Civ. A. No. 05-1149.

      3.    Defendants' motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part** with respect to Count II of plaintiff's complaint, originally filed under Civ. A. No. 05-1149. Plaintiff's claim for interest paid before January 28, 2001, is barred; plaintiff may proceed on his claim under the Pennsylvania Usury Statute for interest paid on or after January 28, 2001.

      4.    The Clerk of Court shall amend the docket to reflect that Civ. A. No. 05-0115 and Civ. A. No. 05-1149 have been consolidated. The caption shall be amended as follows:

| | | |
|---|---|---|
| **JOHN J. CHRISTOPHER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO. 05-0115** |
| **FIRST MUTUAL CORP. and** | : | **NO. 05-1149** |
| **RICHARD KELLY** | : | **CONSOLIDATED** |

     5.    The Clerk is directed to close Civ. A. No. 05-0115 and no additional papers shall be filed under that docket number.

                                            /s/ Norma L. Shapiro
                                                               S.J.